USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/23/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

OCTAVIUS FRYAR,

                        Defendant.

No. 21 Cr. 703 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Defendant Octavius Fryar ("Defendant") was convicted following his guilty plea to a single count of conspiracy to distribute crack cocaine in violation of 21 USC §§ 846 and 841(b)(1)(B). On January 12, 2018, the Court sentenced Defendant to a term of 69 months imprisonment to be followed by a term of 4 years of supervised release. At sentencing, the Court noted that the "Equal Act adjustments" were appropriate, resulting in a sentence well below the applicable guideline range of 110 to 137 months imprisonment. Presently before the Court is Defendant's motion seeking a sentence reduction pursuant to 18 USC § 3582(c)(1)(A) (commonly referred to as "Compassionate Release"). The Government opposes the motion. For the following reasons, the motion is DENIED.

## LEGAL STANDARD

    Under 18 U.S.C. § 3582(c)(1)(A), courts may modify or reduce a defendant's term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

    If the exhaustion requirement is met, a court "may [then] reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(1)(A). The United States Sentencing Commission defined the term "extraordinary and compelling reasons" at U.S.S.G. § 1b1.13, comment n.11. *United States v. Zukerman*, 451 F. Supp. 3d 329, 335 (S.D.N.Y. 2020) (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020)). In determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that a defendant presents to support a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 236-37 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" *Id.* at 238 (quoting 28 U.S.C. § 994(t)).

As the proponent of release, the defendant bears the burden of proving that "extraordinary and compelling reasons" exist. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *Ebbers*, 2020 WL 91399, at *4.

## DISCUSSION

**Exhaustion Requirement**

18 U.S.C. § 3582(c)(1)(A) provides, in relevant part, that a defendant must first seek administrative relief, and then may only proceed to court after fully exhausting administrative appeals or the lapse of 30 days from the warden's receipt of the request, whichever is earlier. *United States v. Rivera*, No. 317CR001596VLB, 2020 WL 1909227, at *2 (D. Conn. Apr. 10, 2020). The exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is not a jurisdictional limitation. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). The exhaustion requirement has been deemed a "claim-processing rule" and "may be waived or forfeited." *Saladino*, 7 F.4th at 124 (quoting *Hamer v. Neighborhood Hous. Servs.*, ⎯⎯ U.S. ⎯⎯, 138 S. Ct. 13, 17 (2017)).

Here, Defendant asserts that he has exhausted his administrative remedies. The Government, however, disagrees and seeks denial of the motion on that basis. In support of his contention that he exhausted his administrative remedies, Defendant submits a copy of his "request for compassionate release," dated May 24, 2023, along with a copy of the government's denial, dated May 25, 2023. In his request, Defendant provides that that his guideline sentencing range would be far less under the new proposed sentencing laws and that the then-existing laws allowed for those convicted of a crack cocaine related crime face a disparity in sentencing resulting in a higher sentencing range. The Defendant, however, fails to provide any other documentation to demonstrate what, if any, additional steps taken after the issuance of the denial. There is no documentary evidence submit of an appeal.

In the instant Compassionate Release motion, Defendant asserts multiple bases for his application including, inadequate medical care at the facility, the current conditions of confinement at his assigned facility FCI Butner, including past occurrences of COVID, which pose a greater health risk given his underline medical conditions. More specifically, Defendant asserts, *inter alia*, that the existence of mold, contaminated water, and the potential exposure to COVID puts him at great health risk. Lastly, Defendant seeks early release so he may care for his ailing parents. The Court agrees with the Government that Plaintiff relies on new and/or different basis for the seeking his early release from those proffered in his administrative application before the B.O.P. Based on the foregoing, the Court determines that Defendant has failed to exhaust his administrative remedies.

**Extraordinary and Compelling Circumstances**

Even if the Court were to consider the merits of the application, the Court determines that Defendant has failed to proffer sufficient reasons which rise to the level of "extraordinary and compelling" warranting release under Section 3582(c)(1)(A)(i). The Sentencing Guidelines provide "that 'extraordinary and compelling' reasons include, the '[m]edical [c]onditon of the [d]efendant' if the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the

ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Sims*, No. 19CR857NSR01, 2022 WL 3013111, at *1 (S.D.N.Y. July 29, 2022) (quoting U.S.S.G. § 1B1.13 App. n.1(A)). Defendant alleges that his medical history which includes the removal of his right kidney, spleen, and gallbladder, and that he suffers from GERD (gastroesophageal reflux disease), hypertension, diabetes, and depression makes him susceptible and vulnerable to other illness. Defendant asserts that conditions at Butner puts him at high risk of infection for, *inter alia*, COVID-19 due to his underlying medical condition(s). While that may or may not be accurate, Defendant acknowledges that he currently has "no symptoms or only mild symptoms relating to [his] chronically severe health conditions." Significantly, Defendant does not dispute that he currently receives adequate care and treatment at the facility. Defendant's mere concern that the level of care at the facility may deteriorate over time is speculative and does not rise to the level of extraordinary and compelling circumstances. Similarly, Defendant does not represent that he currently has contracted COVID-19 but merely has grave concerns about possibly contracting the virus. Such concern or anxiety is insufficient to rise to the level of extraordinary and compelling circumstances.

**Family Circumstances**

Defendant seeks compassionate release based on the alleged need to care for his two elderly parents. An inmate's familial circumstances may constitute "extraordinary and compelling circumstances" sufficient to warrant a sentence reduction. These circumstances include caring for an incapacitated parent, where the defendant is the only available caretaker. U.S.S.G. 1B1.13(b)(3)(C); *United States v. Johnson*, No. 10 CR 431 (CM), 2024 WL 3356987, at *2 (S.D.N.Y. July 10, 2024).

Defendant argues that because he is the only available caregiver for his elderly parents, there exists an extraordinary and compelling reason for a sentence reduction. However, Defendant fails again to provide any detail, specificity, medical records, or evidence beyond his conclusory statements. Defendant has not explained why no other family member or caretaker is available to care for his parents.

4

Nor has he proffered documentation of the particular illnesses and severity of the illnesses. Accordingly, Defendant has failed to meet his burden to demonstrate his family circumstances rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction. *See United States v. Lindsey*, No. 13-CR-271-LTS, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("[C]ourts generally required a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established.") (citation omitted).

Having considered Defendant's arguments, the Court concludes that Defendant has failed to establish extraordinary and compelling reasons justifying a sentence reduction. Accordingly, it need not and does not address the § 3553(a) factors. *United States v. Laboy*, 511 F. Supp. 3d 436, 438 (W.D.N.Y. 2021). Were the Court to consider the § 3553(a) factors, such factors would not inure to Defendant's benefit. The Defendant has a long criminal history that dates back to 1986, which includes in excess of a dozen convictions for multiple felonies and misdemeanors. Such convictions involved mere possession of a control substance, possession of a control substance with intent to sale, and felony possession of a firearm.

Lastly, the Defendant seeks a sentence reduction as a result of the Equal Act. The Equal Act, which has yet to be enacted is a bill which seeks to eliminates the federal sentencing disparity between drug offenses involving crack cocaine and powder cocaine. H.R.1693. As the Government points out, at sentencing the Court deemed the Equal Act applicable. The Government and the Defendant both advocated for the application of the Equal Act and agreed if applied, the appropriate guideline sentencing range, given the Defendant's history, is 110-137 months. After applying the Equal Act and considering all of the applicable § 3553(a) factors, the Court sentenced the Defendant to a term of 69 months to be followed by 4 years of supervised release. In essence, the Court imposed a sentence well below the applicable guideline sentencing range even after applying the Equal Act. Accordingly, the record

demonstrates that the Court considered the Equal Act, applied the Equal Act, and the Defendant received a sentence below the applicable sentencing range. Accordingly, Defendant's motion seeking a further reduction is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED without prejudice to renew. The Clerk of Court is kindly directed to mail a copy of this Opinion and Order to *pro se* Defendant at: Octavius Fryar, Reg. # 85119-054, RRM Raleigh, Old NC 75 Highway, Butner, NC, 27509, and show service on the docket and terminate the motion at ECF No. 73.

Dated: December 23, 2024
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge